UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE MORA,<br><br>                    Petitioner,<br><br>v.<br><br>KEVIN CLARK, Warden, et al.,<br><br>                    Respondents. | Case No.: 19-cv-02468-AJB-MSB<br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR AN EXTENSION OF TIME, (Doc. No. 18);**<br><br>**(2) APPROVING AND ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 10);**<br><br>**(3) CONSTRUING PETITIONER'S MOTIONS FOR RECONSIDERATION AS OBJECTIONS AND OVERRULING PETITIONER'S OBJECTIONS, (Doc. No. 14, 17);**<br><br>**(4) GRANTING RESPONDENTS' MOTION TO DISMISS, (Doc. No. 8);**<br><br>**(5) DISMISSING THE PETITION WITH PREJUDICE, (Doc. No. 1); AND**<br><br>**(6) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY** |

Joe Mora ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In the Petition, Petitioner argues his trial counsel was ineffective by failing to call several witnesses, including himself, to the stand, and by failing to request a new trial when audio recordings of a witness's conversation became available between his conviction and his sentencing. (*See* Doc. No. 1 at 1–12.) On April 23, 2020, Respondents filed a motion to dismiss the Petition. (Doc. No. 8.) Respondents contend that the Petition should be dismissed with prejudice because Petitioner's claims are time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). (Doc. No. 8.) Petitioner did not file an opposition, and Respondents did not file a reply.

On July 13, 2020, Magistrate Judge Michael S. Berg issued a Report and Recommendation (the "R&R") recommending that this Court grant Respondents' motion to dismiss and that judgment be entered dismissing the Petition with prejudice. (Doc. No. 10.) Judge Berg's order instructed that objections to the R&R must be filed by July 27, 2020, and replies by August 10, 2020. Instead of filing objections, on August 7, 2020, Petitioner filed a motion for reconsideration. (Doc. No. 14.) This motion was followed by a second motion for reconsideration. (Doc. No. 17.) On October 19, 2020, Petitioner requested a motion for extension of time to file objections, explaining his "Next Friend" concluded that Petitioner had been duped by a "jailhouse lawyer," and proper objections were not filed. (Doc. No. 18.)

After careful consideration of the briefing and for the reasons set forth below, this Court **ADOPTS** the R&R in its entirely and **GRANTS** Respondents' motion to dismiss with prejudice.

## I. BACKGROUND

On July 7, 2015, Petitioner was convicted by a San Diego County Superior Court jury of first-degree murder during the commission of a robbery and a burglary, and found true an alleged gun use enhancement. (Doc. No. 9, Lodg. 3 at 7.) On August 26, 2015,

Petitioner was sentenced to life in prison without the possibility of parole plus twenty-five years to life in state prison. (*Id.*) On March 23, 2016, Petitioner appealed his sentence to the California Court of Appeal, raising one claim of prosecutorial misconduct. (Doc. No. 9, Lodg. 2.) On December 14, 2016, the California Court of Appeal affirmed the judgment. (Doc. No. 9, Lodg. 5.) Petitioner then filed a petition for review with the California Supreme Court, (Doc. No. 9, Lodg. 6), which was summarily denied on March 1, 2017. (Doc. No. 9, Lodg. 7.) Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

After his criminal conviction became final by the conclusion of direct review in the California state courts, Petitioner filed a series of four habeas corpus petitions, all of which were denied:

- First Petition: On February 2, 2018, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court ("First Petition"), arguing ineffective assistance of counsel and that newly discovered evidence demonstrates actual innocence. (Doc. No. 9, Lodg. 8 at 7.) This First Petition was denied on April 20, 2018, for failure to make a prima facie showing of ineffective assistance of counsel or of actual innocence. (Doc. No. 9, Lodg. 9.)

- Second Petition: On November 28, 2018, Petitioner then filed a second habeas petition in the San Diego County Superior Court ("Second Petition"), arguing ineffective assistance of counsel. (Doc. No. 9, Lodg. 10 at 8.) The Second Petition was denied on January 29, 2019, for failure to make a prima facie showing of ineffective assistance of counsel. (Doc. No. 9, Lodg. 11.)

- Third Petition: Petitioner filed a third habeas petition ("Third Petition") in the California Court of Appeal on April 18, 2019, arguing that the Superior Court erred in denying his Second Petition and that his defense counsel was ineffective for failing to call several witnesses during trial. (Doc. No. 9, Lodg. 12 at 3.) The California Court of Appeal denied the Third Petition on May 13,

2019, concluding that it was untimely, and failed to state a prima facie case of ineffective assistance of counsel. (See Doc. No. 9, Lodg. 13.)

- <u>Fourth Petition</u>: Petitioner filed a fourth habeas petition ("Fourth Petition") in the California Supreme Court on August 22, 2019, arguing prosecutorial misconduct, ineffective assistance of counsel, and that new evidence of actual innocence had been uncovered since the time of his trial. (Doc. No. 9, Lodg. 14 at 19.) The California Supreme Court summarily denied the Fourth Petition on November 13, 2019. (Doc. No. 9, Lodg. 15.)

Petitioner then filed the instant federal habeas petition in this Court on December 17, 2019. (Doc. No. 1.) Respondents moved to dismiss the Petition as time-barred, (Doc. No. 8), and Judge Berg issued an R&R recommending dismissal of the Petition with prejudice. (Doc. No. 10.) Petitioner filed two motions for reconsideration, (Doc. Nos. 14, 17), in addition to a motion for extension of time. (Doc. No. 18.) This order follows.

## II.   LEGAL STANDARDS

The Court reviews de novo those portions of an R&R to which objections are made. *See* 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo if an objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this District. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."). //

## III. DISCUSSION

In this case, Petitioner failed to timely object to Judge Berg's R&R by July 27, 2020. Instead, Petition filed two motions for reconsideration. Now, Petitioner seeks an extension of time to object to the R&R, explaining that his "Next Friend" reviewed his matter, and determined that Petitioner was "duped" by a "jailhouse lawyer" into filing a motion for reconsideration instead of objections. (Doc. No. 18 at 1.) Upon review of the motions for reconsideration, and motion for extension of time, the Court **DENIES** Petitioner's untimely request to object to the R&R. However, because of Petitioner's pro se status, the Court will construe his motions for reconsideration as objections to the R&R, and will accordingly review those portions of Judge Berg's R&R objected to de novo. *Thomas v. Madden*, No. 5:19-CV-00850-JAK-JC, 2020 WL 748644, at *1 (C.D. Cal. Feb. 13, 2020), *certificate of appealability denied*, No. 20-55341, 2020 WL 3526399 (9th Cir. May 7, 2020) (construing a motion for reconsideration as an objection to the R&R).

Turning to the R&R in light of the objections, Judge Berg properly concluded that dismissal is warranted based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). (Doc. No. 10.) A federal habeas petition may be dismissed with prejudice if it is not filed within the appropriate time period pursuant to the AEDPA. *See Jiminez v. Rice*, 276 F.3d 478, 482–83 (9th Cir. 2001). AEDPA establishes a one-year statute of limitation to file a federal habeas petition for "a person in custody pursuant to the judgment of a State court," which begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Although the one-year statute of limitations can be calculated based on the "latest" of several other grounds in addition to the ground identified in Section 2244(d)(1)(A), *see* 28 U.S.C. § 2224(d)(1)(B)–(D), the Petition does not set forth any facts or arguments that suggest any of these other grounds are applicable. (Doc. No. 1.) Therefore, the Petition is subject to the 1-year statute of limitations calculated from the date on which the judgment he challenges became final.

Judge Berg correctly applied the statute of limitations in this case. As Judge Berg determined, the relevant date for the computation of the statute of limitations was one year from the date that the state court conviction became final. When a habeas petitioner seeks discretionary review by the state's highest court but does not file a petition with the United States Supreme Court, the judgment becomes final when the prisoner's time to petition the Supreme Court expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012). Pursuant to United States Supreme Court Rule 13, Petitioner had ninety days from the entry of an order denying discretionary review by the state supreme court to file his writ of certiorari. *See* Sup. Ct. R. 13. Because Petitioner did not file a petition for certiorari with the United States Supreme Court, Judge Berg was correct to conclude Petitioner's conviction became final ninety days after the California Supreme Court denied his petition for direct review of his criminal conviction. As noted above, the California Supreme Court denied Petitioner's petition for direct review on March 1, 2017. (Doc. No. 9, Lodg. 7.) Thus, after ninety days from March 1, 2017, on May 30, 2017, Petitioner's conviction became final for the purposes of AEDPA. The statute of limitations for the filing of a habeas petition in federal court began to run on May 31, 2017, the day after the judgment became final.

Absent any applicable tolling, Petitioner then had 365 days, until May 31, 2018, to timely initiate a federal habeas petition. The Petition, however, was not filed until December 17, 2019, 566 days past the end of the limitations period.

### A.    Statutory Tolling

After determining the Petition was untimely based on the one-year statute of limitations, Judge Berg went on to analyze whether statutory tolling applied to toll Petitioner's time to file his Petition. AEDPA's statutory tolling provision suspends the one-year statute of limitation period while "a properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). Thus, "the time when a qualifying [state habeas] application is pending shall not be counted toward a period of limitation." *Id.* Judge Berg properly found that statutory tolling would not save the Petition from being untimely. Even if the Court were to factor in all four state

habeas petitions, Petitioner would only receive an additional 247 days of statutory tolling after the end of the AEDPA statute of limitation period:

- Petitioner's First Petition was filed on February 2, 2018, and denied on April 20, 2018, entitling him, at most, to seventy-seven days of statutory tolling.
- Petitioner's Second Petition was filed on November 28, 2018, and denied on January 29, 2019, adding up to sixty-two days of statutory tolling.
- Petitioner's Third Petition was filed on April 18, 2019, and denied on May 13, 2019, equaling twenty-five days of tolling.
- Petitioner's Fourth Petition was filed on August 22, 2019, and denied on November 13, 2019, totaling eighty-three days.

Because the Petition was untimely by 566 days, tolling the statute of limitations for 247 days would still result in an untimely petition by 319 days. Accordingly, Judge Berg was correct in his analysis that statutory tolling does not help Petitioner.

### B. Equitable Tolling

In addition to statutory tolling, AEDPA's one-year statute of limitations may be subject to equitable tolling in appropriate circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). The threshold to trigger equitable tolling, however, is high, and therefore is not available in most cases. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). To be entitled to equitable tolling, a habeas petitioner must demonstrate two elements: (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418); *see also Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (same). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Judge Berg soundly determined that Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations because the Petition does not allege any facts that would explain the delay in bringing a timely Petition. (Doc. No. 10 at 10.) In Petitioner's motion for reconsideration of the R&R, which the Court has construed as Petitioner's objections,

Petitioner appears to argue that equitable tolling should apply because he was "denied access to the Courts, and other legal services by CDCR." (Doc. No. 17 at 1 (cleaned up).) Petitioner explains that he was denied the proper equipment while in jail to view disks in which his appellate attorney had provided to him in order for Petitioner to prepare his petition to the United States Supreme Court. (*Id.*) Petitioner further states he had to purchase and wait for a CD-player while in jail to listen to evidence on the disk. (*Id.* at 2.)

As a general matter, Petitioner's assertions regarding lack of legal services do not necessarily rise to the level of an extraordinary circumstance warranting equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualified as grounds for equitable tolling). Additionally, the Court is not persuaded by Petitioner's explanation because a writ of certiorari was never filed, and problems with accessing evidence as to the writ of certiorari does not explain why there was nearly a year delay in filing the federal habeas petition. As such, the Court does not find that any "extraordinary circumstance" stood in Petitioner's way of filing his federal habeas petition.

Finding that neither statutory nor equitable tolling applies, the Court **ADOPTS** the R&R and **GRANTS** Respondents' motion to dismiss the Petition as time-barred by the AEDPA.

**IV.	The Court Declines to Issue a Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *See Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013). Based on a review of the Petition, the record, and the R&R, the Court cannot find that any of these grounds applies. Reasonable jurists

would not find debatable or wrong that the Petition is time-barred. Accordingly, the Court declines to issue Petitioner a certificate of appealability

## V. CONCLUSION

For all of the foregoing reasons, the Court hereby: (1) **DENIES** Petitioner's motion for an extension of time, (Doc. No. 18); (2) **APPROVES** and **ADOPTS** the R&R in its entirety, (Doc. No. 10); (3) **CONSTRUES** Petitioner's motions for reconsideration as objections to the R&R and **OVERRULES** Petitioner's objections, (Doc. No. 14, 17); (4) **GRANTS** Respondents' motion to dismiss, (Doc. No. 3); (5) **DISMISSES** the Petition **WITH PREJUDICE,** (Doc. No. 1); and (6) **DENIES** Petitioner a certificate of appealability. The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

Dated:  October 26, 2020

Hon. Anthony J. Battaglia
United States District Judge